

```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| ORKID PLAZA, LLC, | NO. CV 14-175 UA (DUTYx) |
| Plaintiff, | |
| v. | **ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |
| CHONG SOON SEO, and DOES 1 THROUGH 10 INCLUSIVE, | |
| Defendants. | |

The Court summarily remands this unlawful detainer action to state court summarily because defendant CHONG SOON SEO ("Defendant") removed it improperly.

On January 8, 2014, Defendant, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, this action could not have been originally filed in federal court, because the complaint does not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563 (2005). Defendant's notice of removal only asserts that removal is proper based upon federal question jurisdiction, alleging that the plaintiff violated the Fair Housing Act pursuant to 42 U.S.C. § 3604. (Notice at 2). However, the underlying unlawful detainer action does not raise any federal legal question. Nor does it appear that federal law is a necessary element of any of plaintiff's claims. Moreover, "'the existence of a defense based upon federal law is insufficient to support federal-question jurisdiction.'" Hall v. North American Van Lines, Inc., 476 F.3d 683, 687 (9th Cir. 2007) (quoting Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002). Finally, defendant has not alleged complete diversity of citizenship between the parties and has not established that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). On the contrary, the unlawful-detainer complaint recites that the amount in controversy does not exceed $10,000.

Defendant is further notified and warned that any subsequent attempts to remove the underlying state unlawful detainer action to this Court will be improper and will constitute vexatious conduct that the Court will address by way of punitive remedial measures,

2

which may include having defendant designated as a vexatious litigant and barred from commencing any further removal actions with respect to the underlying state unlawful detainer action.

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County Of Los Angeles, 111 n. Hill Street, Los Angeles, California 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 1-16-14

_____
GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

3